UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KEZA,

Plaintiff,

v.

KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V. (KLM ROYAL DUTCH AIRLINES),

Defendant.

Case No. 2:25-cv-08927-CV (AYPx)

**ORDER DENYING MOTION TO REMAND [15]**

On September 23, 2025, Plaintiff Keza filed a Motion for Remand ("Motion"). Doc. # 15 ("Mot."). Having reviewed and considered all the briefing filed with respect to the Motion, the Court finds that oral argument is not necessary to resolve the Motion, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

**I. <u>INTRODUCTION</u>**

Plaintiff filed the present action on July 15, 2025 in the Superior Court of California for the County of Los Angeles. Doc. # 1-1 ("Complaint"). On September 19, 2025, Defendant Koninklijke Luchtvaart Maatschappij N.V. ("KLM") removed the matter to this

Court on the basis of diversity jurisdiction, and alternatively, federal question and supplemental jurisdiction. Doc. # 1.

On September 23, 2025, Plaintiff filed the present Motion, along with a First Amended Complaint. Doc. # 16 ("FAC"). The FAC asserts claims for (1) negligence, (2) battery, (3) intentional infliction of emotional distress, (4) violation of the Montreal Convention, (5) violation of the Air Carrier Access Act, (6) violation of the Unruh Civil Rights Act, and (7) Breach of Contract/Promissory Estoppel. *See generally*, FAC. Plaintiff seeks "damages in an amount not to exceed $74,999, exclusive of interest and costs," and compensation for emotional distress, medical expenses, economic and non-economic damages, and cost of suit. *See id.* at Prayer.

## II. FACTUAL BACKGROUND

Plaintiff alleges personal injury claims arising from her international flights operated by KLM between July 2024 and May 2025. FAC at 2. Generally, Plaintiff alleges the following issues with different flights: (1) a flight was cancelled on short notice and KLM denied reimbursement, (2) a flight was delayed causing her to miss her connecting flight due to her being disabled and needing additional transfer time, and KLM denied to pay for a replacement flight, (3) a flight did not have running water and its bathrooms were inoperable, creating unsanitary conditions which caused Plaintiff to contract a yeast infection and H. Pylori, (4) KLM failed to provide Plaintiff a disability accommodation and she had to buy a business class ticket, (5) Plaintiff was assigned an accommodating seat, but the seat was rescinded, and Plaintiff was forcibly removed from her seat. *Id.* at 2–7.

Plaintiff claims the alleged incidents triggered her asthma and anxiety, caused significant emotional distress, significant bodily injuries, emotional trauma, exacerbated symptoms, caused her to develop a yeast infection and H. Pylori, depression, loss of compensation and caused her to incur medical expenses, including expenses for surgical procedures. *Id.* at 4–8.

## III. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop. Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has passed a statute providing a right of removal, the statute, unless otherwise stated, is to be strictly construed against removal. *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## IV. DISCUSSION

The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff raised a federal question in the FAC. Federal question jurisdiction exists when civil actions arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a case to have federal question jurisdiction under the "well-pleaded complaint rule," a federal question must be evident from the face of the plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The Montreal Convention is an international treaty which "encompass[es] all international carriage by air of persons, baggage, or cargo," which the United States has signed. Convention for Int'l Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 350. Therefore, federal question jurisdiction applies when civil actions arise

under the Montreal Convention, since it is a treaty of the United States. *See Zhang v. Air China Ltd.*, No. 2:21-CV-01840-VAP-JCX, 2023 WL 11950419, at *2 n.1 (C.D. Cal. Apr. 6, 2023).

In the Amended Complaint, Plaintiff raises seven causes of action, including a cause of action for "violation of the Montreal Convention." FAC at 7–8. Federal question jurisdiction is determined by the "well-pleaded complaint rule," which states "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. The FAC explicitly states one of Plaintiff's causes of action is the violation of the Montreal Convention, and elaborates: "Defendant's failure to accommodate Plaintiff and the resulting injuries constitute violations under the Montreal Convention governing international air travel." FAC at 7. By including this assertion as a cause of action, Plaintiff presents the violation of the Montreal Convention—a federal question issue—explicitly "on the face of the . . . complaint." *See Caterpillar Inc.*, 482 U.S. at 392. The Court therefore has federal question jurisdiction over Plaintiff's claim under the Montreal Convention.

Further, because all of Plaintiff's causes of action arise out of the same case or controversy, the Court has supplemental jurisdiction over Plaintiff's remaining claims. Because the Court finds that jurisdiction is proper under 28 U.S.C. § 1331, it does not address the Parties' arguments regarding diversity jurisdiction.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand to the Superior Court of the State of California, County of Los Angeles.

**IT IS SO ORDERED**.

Dated: 7/29/26

Cynthia Valenzuela

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE